[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15603
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00133-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOBORUS DONTAY CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 14, 2015)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Toborus Dontay Cunningham appeals his convictions for possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Cunningham argues: (1) the district court erred by denying his motion to suppress evidence found in his home; (2) the evidence presented at trial was insufficient to convict him of possession of a firearm in furtherance of a drug trafficking crime; and (3) the district court abused its discretion in admitting uncharged weapons and ammunition into evidence.  We hold the district court did not commit reversible error and the evidence was sufficient to convict Cunningham.  Accordingly, we affirm.

## BACKGROUND

In November 2013, a confidential informant reported to police that Cunningham was engaging in drug trafficking.  The informant told police that Cunningham was one of "the biggest drug dealers in town" and was "supplying the majority of the drug dealers" in the area.  Subsequently, the informant purchased drugs from Cunningham on two occasions.  The police recorded both purchases. Following these purchases, the police obtained a search warrant for Cunningham's home and workplace.  The warrant was supported by an affidavit of two law enforcement officials.  The officials described the informant's reports and drug

purchases from Cunningham.  They also stated that they have been involved with hundreds of drug investigations and, based on this experience, they know drug traffickers often store various types of evidence of drug activity, such as currency and records of drug transactions, at their homes.

During their search of Cunningham's home, the police found a loaded handgun and two bags of cocaine in plain sight in Cunningham's bedroom.  The police also found a 12-gauge shotgun, semiautomatic assault rifle, 170 rounds of ammunition for the rifle, a brick of cocaine, a white powder cutting agent that can be used in preparing cocaine for sale, and $25,000 in cash in the bedroom.  Finally, in Cunningham's kitchen, the police discovered various items used to prepare drugs for sale.

Cunningham was indicted on one count of possession with intent to distribute 500 grams or more of cocaine and one count of possession of a firearm—the handgun found in his bedroom—in furtherance of a drug trafficking crime.  Prior to trial, Cunningham moved to suppress all evidence found during the search of his home.  The district court denied the motion.  At trial, the Government offered uncharged weapons and ammunition found at Cunningham's home and workplace into evidence.  Cunningham objected to this evidence, but the court overruled his objections.

## DISCUSSION

I. **The District Court Did Not Err in Denying Cunningham's Motion to Suppress.**

Cunningham argues the police's search of his home was unlawful and, therefore, the district court should have suppressed the evidence obtained from the search. Specifically, he asserts the police's search warrant lacked probable cause because it failed to establish an adequate connection between his home and illegal activity.[1]

We give "great deference" to a district court's determination of probable cause. *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999) (per curiam) (internal quotation marks omitted). "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." *Id*. "A police officer's expectation, based on prior experience and the specific circumstances of the alleged crime, that evidence is likely to be found in a suspect's residence satisfies probable cause." *United States v. Joseph*, 709 F.3d 1082, 1100 (11th Cir. 2013) (internal quotation marks omitted).

Under *Joseph*, probable cause supported the police's search warrant for Cunningham's home. In *Joseph*, a physician was charged with illegally dispensing

---

[1] In denying Cunningham's motion to suppress, the district court found probable cause supported the warrant.

prescription drugs at his clinic.  After an initial investigation, the police executed a search warrant of the physician's home and discovered evidence of the physician's drug activity.  An affidavit of a law enforcement official supported the search warrant.  The official attested that he had conducted or assisted with over 1,000 drug investigations and, based on his experience, drug dealers often store proceeds and records from their transactions in their homes.  We held that "[t]his experience, along with evidence that [the physician] violated [drug laws], provided probable cause to search [the physician's] home. *Id.*  As in *Joseph*, the police had evidence that Cunningham was involved in drug trafficking and law enforcement officials attested that, based on their significant experience with drug investigations, drug traffickers often store evidence of their crimes in their homes.  Thus, the police's search warrant was valid under *Joseph*,[2] and the district court did not err in denying Cunningham's motion to suppress.

## II.    Sufficient Evidence Supported Cunningham's Conviction.

Cunningham next claims there was insufficient evidence to support his conviction under 18 U.S.C. § 924(c)(1)(A) for possessing a firearm in furtherance of drug trafficking.  He argues the Government failed to show that the handgun found in his home was used to "further" drug trafficking.

---

[2] Cunningham attempts to distinguish *Joseph* from his case by asserting the defendant in *Joseph* was a major drug distributor while he was, at most, a low-level street drug dealer.  This argument is without merit given the police's investigation revealed Cunningham was one of "the biggest drug dealers in town."

We review the sufficiency of the evidence de novo, viewing the evidence "in the light most favorable to the government" and "accepting all reasonable inferences" in favor of the verdict. *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996). The evidence will be sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. *Id.*

In order to prove the "furtherance" element of 18 U.S.C. § 924(c)(1)(A), the government must show "some nexus" between the gun and the drug trafficking offense. *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002). This nexus can be established by: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, . . . whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (internal quotation marks omitted). Here, the police found the handgun at issue in the same room as other firearms, ammunition, a significant quantity of cocaine, $25,000 in cash, and supplies that can be used in preparing cocaine for sale. In addition, the handgun was loaded. Given the proximity of these drug-related pieces of evidence to the handgun, a reasonable trier of fact could find that the Government established the nexus required for the "furtherance" element. *See id.* (holding sufficient nexus existed where firearms were found in the same apartment as crack cocaine, gun ammunition, and a

6

bulletproof vest); *United States v. Lopez-Garcia*, 565 F.3d 1306, 1322 (11th Cir. 2009) ("The nexus between the gun and the drug trafficking here is plainly established by, for example, the accessibility of the firearm to [defendant], and the proximity of the gun to the drugs and the drug profits."). Therefore, sufficient evidence supported Cunningham's conviction.

**III. The District Court Did Not Abuse its Discretion in Admitting Uncharged Firearms and Ammunition into Evidence.**

Finally, Cunningham argues the district court erred by admitting uncharged firearms and ammunition into evidence. He asserts: (1) this evidence was inadmissible under Federal Rule of Evidence 402 because it was irrelevant; and (2) even if it was relevant, the district court should have excluded it under Federal Rule of Evidence 403 because its probative value was outweighed by a danger of unfair prejudice.

"We review the district court's evidentiary rulings for abuse of discretion." *United States v. McDowell*, 250 F.3d 1354, 1362 (11th Cir. 2001). District courts may not admit irrelevant evidence. Fed. R. Evid. 402. But, they "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

Cunningham's "relevance" and "unfair prejudice" arguments fail. First, firearms and ammunition are "tools of the trade" for drug dealers and, therefore, this type of evidence was relevant to Cunningham's involvement in drug activity.

7

*See United States v. Terzado-Madruga*, 897 F.2d 1099, 1120 (11th Cir. 1990);

*United States v. Rodriguez*, 765 F.2d 1546, 1562 (11th Cir. 1985).  Second,

considering *Rodriguez*, "[w]e cannot say the district court clearly abused its

discretion in" finding the firearms and ammunition did not implicate Federal Rule

of Evidence 403.  *See Rodriguez*, 765 F.2d at 1562.  In *Rodriguez*, the defendant

was tried for a crime involving drug distribution and the district court allowed

uncharged firearms and a silencer into evidence.  *See id.* at 1561–62.  The

defendant argued the district court abused its discretion in admitting these items

because they were unfairly prejudicial.  However, we rejected this argument,

finding no reversible error.  *Id.* at 1562.  The facts here are similar to *Rodriguez*:

Cunningham was tried for a drug distribution crime and the district court admitted

uncharged firearms and related items into evidence.  Thus, applying *Rodriguez*, we

find no reversible error.

    **AFFIRMED.**